IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONNA J. ROBBINS,                           )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Case No. CIV-04-1199-M
                                            )
JO ANNE B. BARNHART,                        )
Commissioner, Social                        )
Security Administration,                    )
                                            )
            Defendant.                      )

## REPORT AND RECOMMENDATION

Plaintiff Donna Robbins seeks judicial review of a closed period of disability benefits awarded by the Social Security Administration ("SSA"). The Defendant has moved to remand for further administrative proceedings concerning the termination of benefits. The Plaintiff partially objects, seeking to avoid a remand on the termination decision and to continue payment until the SSA orders termination of benefits in a new proceeding. The Court should grant the Defendant's motion to remand, but order reinstatement of benefits pending a final administrative decision that the disability has terminated.[1]

I.     BACKGROUND

A United States administrative law judge concluded that Ms. Robbins had suffered a disability beginning on August 26, 1999, and ending on October 1, 2000. Administrative

---

[1]     The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order of Referral to United States Magistrate Judge (Sept. 24, 2004).

Record at pp. 13-19 (certified Nov. 30, 2004) ("Rec."). The Appeals Council declined jurisdiction,[2] and the present action followed.

Ms. Robbins does not challenge the administrative law judge's initial disability determination. Instead, the Plaintiff alleges errors associated with the decision to terminate benefits. Plaintiff's Opening Brief at pp. 6-14 (Feb. 18, 2005) ("Plaintiff's Opening Brief"). Ms. Robbins seeks reversal of the termination decision and continued payment of benefits. *Id.* at pp. 13-14; Plaintiff's Objection to the Relief Provided in Defendant's Motion for Remand, *passim* (June 22, 2005) ("Plaintiff's Objection").

The Defendant agrees to reversal of the termination decision and seeks a remand for: (1) a *de novo* hearing to determine whether Ms. Robbins had experienced medical improvement related to her ability to work, and (2) if so, the date on which the medical improvement had taken place. Commissioner's Motion for Entry of a Judgment Reversing and Remanding for Further Administrative Proceedings with Brief at p. 1 (June 20, 2005) ("Defendant's Motion to Reverse and Remand"). The suggested remand would require citation of supporting evidence, reevaluation of the medical source opinions, explanation of the weight given to each opinion, reevaluation of the Plaintiff's credibility, and compliance with Social Security Ruling 00-4p. *Id.* at pp. 1-2.

The Plaintiff objects only insofar as the Defendant proposes a remand on the termination decision and cessation of benefits until the SSA issues a new decision. Plaintiff's

---

[2]      Rec. at pp. 5-7.

Objection, *passim*.  Ms. Robbins argues that with the reversal of the termination decision, she

maintains her disability status and should receive payment of ongoing benefits pending the

initiation and resolution of a new termination proceeding.  *Id*.

II.    CONTINUATION OF BENEFITS

As stated above, the parties dispute the Plaintiff's entitlement to disability benefits

pending a redetermination of medical improvement.  *See supra* pp. 2-3.  The dispute turns

on the selection of the applicable regulation.

That regulation is 20 C.F.R. § 404.1597a(i)(6) (2004).  By its terms, this provision

applies when a court reverses and remands a determination that the disability has ceased,

which is precisely what the Defendant is requesting.  Section 404.1597a(i)(6) provides:

> If a court orders that your case be sent back to us (remanded) and your case is
> sent to an administrative law judge for further action under the rules provided
> in § 404.983, the administrative law judge's decision or dismissal order on
> your medical cessation appeal is vacated and is no longer in effect. Continued
> benefits are payable to you and anyone else receiving benefits based on your
> wages and self-employment income or because of your disability pending a
> new decision by the administrative law judge or final action is taken by the
> Appeals Council on the administrative law judge's recommended decision.

20 C.F.R. § 404.1597a(i)(6) (2004).

In *Hayden v. Barnhart*, 374 F.3d 986 (10th Cir. 2004) (*per curiam*), the Tenth Circuit

Court of Appeals applied this regulation in similar circumstances.  There the plaintiff

appealed from a district court's order affirming the SSA's decision to terminate a prior award

of disability benefits.  *See Hayden v. Barnhart*, 374 F.3d at 987.  The Tenth Circuit Court of

Appeals reversed with instructions for reinstatement and payment of continuing benefits. *Id.*
at 994.  The court explained:

> [W]hen a court reverses an [administrative law judge's] decision terminating
> benefits, the decision "is vacated and is no longer in effect." Continued
> benefits are payable "pending a new decision" by the agency. 20 C.F.R.
> § 404.1597a(i)(6). Thus, reversal in this case means that the case is simply
> remanded to the agency, and that Ms. Hayden, who has already been adjudged
> to be disabled by the Commissioner, maintains her disability status and is
> entitled to payment of any benefits that have been withheld during the appeals
> process.

*Id.*

    *Hayden v. Barnhart* is controlling.[3]  The parties agree on reversal of the termination
decision.  *See supra* pp. 2-3.  Thus, like the plaintiff in *Hayden*, Ms. Robbins is entitled to
reinstatement and payment of continuing benefits pending a redetermination of medical
improvement.[4]

---

[3]    The Plaintiff argues that *Hayden v. Barnhart* governs and, in one passage, she disputes the
applicability of both Section 404.1597(b) and Section 404.1597a. Plaintiff's Objection at p. 3.  But
in *Hayden v. Barnhart*, the Tenth Circuit Court of Appeals relied on Section 404.1597a(i)(6).
*Hayden v. Barnhart*, 374 F.3d at 986.  Indeed, the Plaintiff elsewhere argues that "[t]he relevant
regulations are actually found in 20 C.F.R. § 404.1597a(i)."  Plaintiff's Objection at p. 5.

[4]    *Hayden v. Barnhart* involved the termination of an award of benefits.  *See Hayden v.
Barnhart*, 374 F.3d at 987; *see also supra* pp. 3-4.  The present action involves a closed period,
where the disability and termination decisions were rendered at the same time.  *See supra* pp. 1-2;
*see also Shepherd v. Apfel*, 184 F.3d 1196, 1199 n.2 (10th Cir. 1999) (noting that a closed period
case encompasses distinct decisions involving the existence and termination of a disability).  But
the difference is immaterial.  *See Lawson v. Apfel*, 198 F.3d 258, 1999 WL 824380, Westlaw op. at
5 (10th Cir. Oct. 14, 1999) (unpublished op.) (reversing the termination decision on a closed period
with directions to remand for a continuing award of benefits); *Udero v. Apfel*, 156 F.3d 1245, 1998
WL 487024, Westlaw op. at 4 (10th Cir. Aug. 10, 1998) (unpublished op.) (reversing the termination
decision on a closed period with instructions to reinstate benefits, including retroactive payments
pending a redetermination of the claimant's medical improvement).

The Defendant relies on 20 C.F.R. § 404.1597(b) (2004).  Defendant's Motion to Reverse and Remand at pp. 2-3.  The reliance is misplaced.

When the SSA finds that a claimant is no longer disabled, it must send the claimant a notice explaining the termination of benefits and the right to appeal.  *See* 20 C.F.R. § 404.1597(a)-(b) (2004).  Under Section 404.1597, benefits may ordinarily continue only if: (1) the disability did not end before December 1980, (2) the claimant is participating in an approved vocational rehabilitation program, and (3) the SSA has determined that the claimant's completion of the program would significantly lessen the likelihood of future benefits.  20 C.F.R. § 404.1597(a) (2004).  But Section 404.1597(b) provides that  "[t]he continued benefit provisions of this section do not apply . . . to a determination that [the claimant was] disabled only for a specified period of time."  20 C.F.R. § 404.1597(b) (2004).

The Defendant argues that this language precludes benefits pending a redetermination on medical improvement because the administrative law judge had awarded a closed period of disability.  Defendant's Motion to Reverse and Remand at pp. 2-3.  But the exclusion in Section 404.1597(b) is inapplicable for two reasons.

First, the section applies only when the SSA finds that the claimant is not currently disabled.  *See supra* p. 5.  The SSA made this finding, but it would be nullified under the Defendant's proposed reversal and remand.  *See supra* pp. 2-4.

Second, the section is inapplicable because Ms. Robbins is not seeking to continue benefits pursuant to participation in an approved vocational rehabilitation program. *See supra* p. 5.

For both reasons, 20 C.F.R. § 404.1597(b) does not apply, and the governing regulation is instead Section 404.1597a(i)(6) (2004).  Under this section, the Court should order continued payment of benefits during the pendency of the remand.

III.    NECESSITY OF A REMAND

The Plaintiff opposes an order for a remand, suggesting instead that benefits should continue until the Defendant begins new termination proceedings. *See supra* pp. 2-3.  The Court should reject the Plaintiff's suggestion.

Little reason would exist to disallow the Defendant's requested remand.  By requesting a remand, the Defendant clearly intends to seek termination of benefits.[5]  The Plaintiff's proposal would elevate form over substance, as the Defendant would presumably begin a new termination proceeding in the absence of a remand.  Thus, denial of a remand would needlessly complicate the proceedings and provide no additional benefit to Ms. Robbins.

---

[5]    The Plaintiff relies on *Hayden v. Barnhart*.  Plaintiff's Opening Brief at pp. 13-14.  But in *Hayden v. Barnhart*, the SSA had not requested a remand. *See Hayden v. Barnhart*, 374 F.3d 986, 994 (10th Cir. 2004) (*per curiam*).

IV.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should grant the Defendant's motion to reverse the termination decision. The reversal should entail a remand on the issue of medical improvement, including citation of supporting evidence, reevaluation of the medical source opinions, explanation of the weight given to each opinion, reevaluation of the Plaintiff's credibility, and compliance with Social Security Ruling 00-4p.  With the reversal, the matter should be remanded to the SSA for reinstatement of benefits pending a redetermination of the Plaintiff's medical improvement.[6]

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is August 18, 2005. *See* W.D. Okla. LCvR 72.1(a).  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.      STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

---

[6]     Ms. Robbins asks this Court to "affirm" the initial disability determination.  Plaintiff's Opening Brief at p. 13; Plaintiff's Objection at p. 7.  But the Court should decline to do so, as this portion of the SSA's decision has not been challenged in the present action.  *See supra* p. 2.

Entered this 29th day of July, 2005.

Robert E. Bacharach
United States Magistrate Judge